**ROGAN v. WALTER WANGER PICTURES, Inc.**

No. 10604.

Circuit Court of Appeals, Ninth Circuit.

June 26, 1944.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott, Louise Foster, and I. Henry Kutz, Sp. Assts. to the Atty. Gen., and Charles H. Carr, U. S. Atty., and E. H. Mitchell, Asst. U. S. Atty., both of Los Angeles, Cal., for appellant.

Loyd Wright, Charles E. Millikan, and Herschel B. Green, all of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court awarding Walter Wanger Pictures, Inc., a corporation, appellee taxpayer, a refund of taxes for the tax years 1936 and 1937.

The taxpayer reported a net income for 1936 of $92,040.30 and a tax due thereon of $21,546.86; and a net income for 1937 of $78,053.35 and the tax due thereon of $24,386.60. Thereafter additional taxes for 1936 were assessed and paid in the amount of $17,296.81, and an overassessment was determined for 1937 in the amount of $3,148.59. In making both computations the Commissioner refused to allow certain credits which the taxpayer claimed it was entitled to under Section 26(c) (2) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 836, and its claims for refunds which were based on the denial of such credits were rejected.

In this connection the district court found that the taxpayer was required to, and actually did, pay $82,522.57 in 1936 to one of its creditors in accordance with a written contract executed by the taxpayer prior to May 1, 1936, and such amount was not available for dividend payments; the district court held that, under the above statutory provision, the taxpayer was entitled to a credit in the sum of $82,533.57. As to the year 1937, the district court found that the taxpayer was required to pay $12,186.10 to a debtor and that this sum was accordingly not available for dividends and should also have been allowed as a credit.

As to the foregoing transactions, the district court found the facts to be that on September 1, 1934, Jay Paley and Walter Wanger entered into an agreement in writing, that after execution of such agreement they organized the taxpayer corporation which assumed their agreement, and that pursuant thereto the taxpayer issued to Paley 3,500 shares of its preferred stock at $100 per share and 100 shares of its Class "A" common stock for one dollar per share.

After the taxpayer's production of two motion pictures entitled Private Worlds and The President Vanishes, Paley elected to withdraw as agreed in the contract and made demand upon the taxpayer for the retirement of his stock and also for the repayment of $151,017.44 which he had loaned the taxpayer. In carrying out these demands the parties made another agreement which acknowledged Paley's right to receive the above sum with interest and also $350,000 with interest for retirement of his stock.

Pursuant to the 1935 agreement the taxpayer assigned all of its interest in the two motion pictures mentioned above to the Bank of America National Trust and Savings Association, as trustee for Paley. The taxpayer also assigned to the bank the "gross receipts" derived from the distribution of these pictures in accordance with the terms of the written assignment.

The district court found that under the assignment of such "gross receipts" "all

earnings and profits" of the taxpayer corporation derived from the release of these two pictures were paid to the bank for Paley and such sum amounted to $82,522.27 in 1936 and to $12,186.10 in 1937.

■ Appellant assigns various errors. However, underlying all of them is the question whether the words "earnings and profits" in Section 26(c) (2) of the Revenue Act of 1936, allowing the deduction, shall be construed as net or gross earnings and profits. We have held in Nevada-Massachusetts Co. v. Commissioner, 9 Cir., 128 F.2d 347, 348, that this deducting provision of the statute shall be strictly construed. Helvering v. Northwest Steel Rolling Mills, 311 U.S. 46, 49, 61 S.Ct. 109, 85 L.Ed. 29. The pertinent portions of the section read

"Sec. 26. Credits of Corporations

"In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

\*　　\*　　\*　　\*　　\*

*(c) Contracts Restricting Payment of Dividends.*

\*　　\*　　\*　　\*　　\*

*(2) Disposition of profits of taxable year.* An amount equal to the portion of the earnings and profits of the taxable year which is required (by a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the disposition of earnings and profits of the taxable year) to be paid within the taxable year in discharge of a debt, or to be irrevocably set aside within the taxable year for the discharge of a debt; to the extent that such amount has been so paid or set aside.
\*　\*　\*"

The deduction relied on arises out of an agreement to pay the "gross receipts" from the two pictures. It is claimed that this comprehensive term covering all such receipts is included in the phrase "earnings and profits" as those words are used in the statute. Appellant contends that the contract to pay such gross receipts is not a contract dealing "expressly with earnings and profits."

■ With the burden of proof on the taxpayer, it made no proof that the pictures did produce any such earnings or profits whatsoever in the two years in question. So far as the proof of facts is necessary to overcome the Commission's decision, there well may have been a loss. In the absence of such a showing we must assume adversely to the taxpayer that the "gross receipts" were from an enterprise of the taxpayer conducted at no profit at all. The statute does not limit the contract to earnings and profits from any particular service. If taxpayer's position be correct, we would have to hold valid any contract providing for a payment of any portion of the gross income of a corporation for a particular year in which it had net earnings from which a dividend could be declared—that is to say, Congress used the term "earnings and profits" to mean "gross income" of the corporation. We believe the phrase "earnings and profits" has a narrower significance, otherwise Congress would have used the term "gross income" or "gross receipts" in its place in the statute. It is as rational a construction of the term "earnings and profits" to hold that it means *net* earnings and profits as to hold that it means *gross* earnings and profits. Since we must resolve the questions adversely to the taxpayer, we hold for the former construction.

Taxpayer cites several decisions of the Board of Tax Appeals in cases involving income in 1936 and in 1937 upholding deductions of payments under agreements to pay out of gross receipts without considering whether they were net earnings or profits. Congress did not reenact Section 26(c) (2) and in the succeeding Revenue Act of 1938, Section 26, 26 U.S.C.A. Int. Rev.Acts, page 1019, no such deduction as here claimed was provided. It is not a situation where there has been Congressional recognition of continued interpretations of its enactments in decisions by an administrative tribunal such as the Board of Tax Appeals, adverse to the Commissioner but some of which were acquiesced in by him.

In none of these Board of Tax Appeals cases[1] is the term "earnings and profits" considered with reference to the two pos-

461

---

[1] G.B.R. Oil Corp. v. Commissioner, 40 B.T.A. 738; Joell Co. v. Commissioner, 41 B.T.A. 825; Brockway Glass Co. v. Commissioner, 43 B.T.A. 267; Baltimore Steam Packet Co. v. Commissioner, 44 B. T.A. 629; N. O. Nelson Co. v. Commissioner, 45 B.T.A. 899; Carolina-Florida Realty Co. v. Commissioner, 46 B.T.A. 777, 778; Paris & Mt. Pleasant R. Co. v. Commissioner, 47 B.T.A. 439.

sible rational interpretations or under the rule of strict construction of Helvering v. North West Steel Mills and Nevada-Massachusetts v. Commissioner, supra. Nor are the two interpretations of the rule of construction considered in the Fifth Circuit's opinion in Scofield v. Valley Pipe Line Co., 138 F.2d 835, where the court held that the term "gross income" in the contract, with the proof that it contained some earnings and profits of the tax year in question, warranted the deduction. That decision, page 837 of 138 F.2d, makes the bald statement that to treat the term as net earnings and profits and not gross earnings and profits is not the statute's "construction but * * * a rewriting of the statute, and this the commissioner may not by regulation do." For the reasons indicated we do not agree.

The refund should not have been allowed, and the judgment is reversed.